UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY RUSH, as the
Personal Representative of the
DERRINESHA CLAY ESTATE,                    Civil Case No._____
    Plaintiff,
                                                                   HON.   _____

vs.

CITY OF LANSING a Municipal
Corporation, and OFFICER BRIAN RENDON, individually,
and in his official capacity, jointly and severally,
    Defendants.

_____

MIKE O'BRIANT (P-41156)
Attorney for Plaintiff
P.O. Box 1083
East Lansing, MI 48826
517/347-7700
mikeobriant@yahoo.com

_____

**COMPLAINT AND JURY DEMAND**

Plaintiff, Mary Rush as the properly designated Personal Representative of the Derrinesha Clay

Estate, by and through their attorney MIKE O'BRIANT, and for her Complaint and Jury

Demand against the above-named Defendants, states as follows:

## Overview and Statement of the Case

At approximately 3:30 AM on March 14, 2011, Derrinesha Clay (herein referred to as "decedent") and another unknown individual, broke into at the Bank of America at 3215 S. MLK, Lansing, Michigan.The alarm was activated. Defendant Officer Rendon (herein referred to as "Rendon") responded to an alarm call. Rendon was a K-9 handler. He determined that due to broken glass, his dog was not sent in. Two other police officers also responded. Officer Burke was the first to arrive and then Officer Johnson.

All three officers entered the bank and begin to search. They notice that the vault was secure and closed. While concluding their search, they approached the last room. That last room had a utility room attached to it. They saw the decedent in the smaller utility room. She had a pair of scissors in her hand. Officer Johnson saw that the decedent was not holding the scissors in a threatening manner. The scissors were dangling at the decedent's side with the sharp point pointing toward the ground. Officer Johnson performed a wrist lock and disarmed the decedent. The decedent was then taken to the floor.

The decedent was then brought back to her knees. Officer Johnson was on her knees next to the decedent when Rendon yelled that the decedent had a knife. While both decedent and Officer Johnson were on their knee next to each other, Rendon stepped back and shot the decedent in the head and stomach. Rendon's decision to use deadly force against the decedent violated her civil rights. Therefore, Mary Rush asserts Federal 1983 claims in this matter against Rendonfor the wrongful death of Derrinesha Clay.

Officer Johnson knew the decedent before this incident. Officer Johnson had encountered her several times on domestic calls.

Before this incident, as a police officer, Rendon was involved in several other cross-racial shootings deaths.

## Jurisdiction and Venue

1. This court has jurisdiction over this action pursuant to 28 U.S.C. 1331 (federal question) and 28 U.S. C. 1343 (civil rights). This court also has jurisdiction pursuant to 28 U.S.C. 1367 to hear state claims that will be set forth in this Complaint. Venue is proper in the Western District of Michigan aas this is the district where the shooting occurred in accordance with 29 U.S.C. 1391(b).

## Parties

2. Plaintiff Mary Rush as the Personal Representative of her daughter, Derrinesha Clay's estate out of the Ingham County Probate Court and at all relevant times, the decedent, the subject of this suit, was a resident of Lansing, in the County of Ingham, State of Michigan.

3. At all relevant times to this litigation, the Defendant City of Lansing was a municipal corporation duly organized and carrying on governmental functions in the State of Michigan.

4. At all relevant times to this litigation, the Defendant OFFICER BRIAN RENDON was an employee or agents of the Defendant City of Lansing Police Department and was acting under color of state law and were acting in the course and scope of his employment with the Defendant City of Lansing.

5. The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000).

6. The Defendants are not entitled to qualified immunity.

## COUNT I
### Violation of Civil Right Pursuant to 42 U.S.C. 1983

7. The Plaintiff repeats and re-alleges paragraphs 1 through 6 of her Complaint as though fully set forth herein.

8. Rendon purposely and intentionally fired his weapon knowing that such use of force was unreasonable and unnecessary under the particular circumstances.

9. Such actions and especially those resulting in death, constitute a violation under color of law of Plaintifff's fundamental substantive due process right under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

10. The Defendants owed Plaintiff a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive and/or deadly force and to be treated equally and without regard to color.

11. The Defendants violated Plaintiff's right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution and to be free from deliberate indifference to all of said rights by unjustifiably shooting and killing the decedent while she was on her knees.

12. The Defendant's City of Lansing had knowledge and notice of Officer Rendon's propensity for using deadly force against minorities by way of his previous on duty deadly cross-racial shootings.

13. As a direct and proximate result of each Defendants' acts and/or omissions, the decedent was killed.

WHEREFORE, Plaintiff, Mary Rush, as the Personal Representative of the Derrinesha Clay Estate respectfully requests judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars reflecting the enormity of the wrongful and grossly negligent conduct of Rendon and the City of Lansing to effectively prevent similar wrongful racial acts together with costs of this litigation and any other relief that the Plaintiff may be entitled, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

## COUNT II
### Gross Negligence

14. The Plaintiff repeats and realleges paragraphs 1 through 13 of his Complaint as though fully set forth herein.

15. Rendon, while acting in his individual capacity as an employee of the City of Lansing, was grossly negligent, reckless and without regard to the decedent's life used unjustifiable deadly force upon the decedent during the encounter. In so doing, Rendon acted with conduct so reckless as to demonstrate a substantial lack of concern not only to the decedent but also to his fellow officers.

16. Rendon had a duty to use reasonable care, to follow all of the laws of Michigan, to treat all suspects equally and without regard to race, and to follow all policies of the Lansing City Police Department when utilizing deadly force and not to endanger his fellow officers.

17. As an officer of the City of Lansing, Rendon had a duty to use care and skill in handling his firearm and following federal laws, state laws and all policies of the Lansing Police Department and to use his weapon in such a way that would not endanger not only the decedent's life but also those of his fellow officers.

18. Rendon, acting in his individual capacity, breached those duties described above when he with gross negligence, reckless and without regard to the decedent's life used unjustifiable deadly force during the encounter - shooting the decedent while she was on her knees.

19. At all times described above, Rendon was acting as an agent of the City of Lansing and was engaged in work therefore was acting in the line of duty as a Lansing Police Officer.

20. Rendon's negligence proximately caused the decedent's death and proximately caused all those damages so associated with the decedent's wrongful death.

WHEREFORE, Plaintiff, Mary Rush, as the Personal Representative of the Derrinesha Clay Estate respectfully requests judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars reflecting the enormity of the wrongful and grossly negligent conduct of Rendon and the City of Lansing to effectively prevent similar wrongful acts together with costs of this litigation and any other relief that the Plaintiff may be entitled. exclusive of costs, interest and attorney fees.

## COUNT III
Battery

21. The Plaintiff repeats and realleges paragraphs 20 through of her Complaint as though fully set forth herein.

22. Rendon while acting in his capacity as an employee of the City of Lansing, with gross negligence committed an assault upon the decedent by unlawfully shooting the decedent.

23. The grossly negligent assault committed by Rendon, was committed in bad faith, beyond his authority and under mistaken interpretation of the law.

24. The grossly negligent assault and battery committed by Rendon cause decedent's death as described herein.

25. The Defendant City of Lansing had known of Rendon's propensity to use deadly force in by way of Rendon's other cross-racial shooting deaths.

26. The Defendant City of Lansing had known of Rendon's propensity for racial violence by way of other shootings and assaults upon minorities.

25. The Defendnat City of Lansing is vicariously liable for the grossly negligent and racial violent conduct of Rendon.

WHEREFORE, Plaintiff, Mary Rush, as the Personal Representative of the Derrinesha Clay Estate respectfully requests judgment in his favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars reflecting the enormity of the wrongful and grossly negligent conduct of Rendon and the City of Lansing to effectively prevent similar wrongful acts together with costs of this litigation and any other relief that the Plaintiff may be entitled. exclusive of costs, interest and attorney fees.

Respectfully submitted,

___/s/   Mike O'Briant_____
Mike O'Briant (P-41156)
*Attorney for Plaintiff*
P.O. Box 1083 East Lansing, MI 48826
517/347-7700
mikeobriant@yahoo.com

Date: September 2, 2011

## JURY DEMAND

NOW COMES the Plaintiff, Mary Rush, by and through his attorney, Mike O'Briant and hereby demand a trial by jury in the above-captioned matter.

Respectfully submitted,

____/s/___Mike O'Briant_____
Mike O'Briant (P-41156)
*Attorney for Plaintiff*
P.O. Box 1083 East Lansing, MI 48826
517/347-7700
mikeobriant@yahoo.com

Date: September 2, 2011