UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MARY RUSH as Personal Representative of
the DERRINESHA CLAY ESTATE,

        Plaintiff,                      Docket No:  1:11-cv-00927

-vs-

                                                JUDGE PAUL L. MALONEY

CITY OF LANSING,  a Municipal
Corporation, and OFFICER BRIAN RENDON,
individually, and in his official capacity, jointly
and severally,

        Defendants.
_____/

| | |
|---|---|
| Michael O'Briant (P42256) | David K. Otis (P31627) |
| P.O. Box 1083 | PLUNKETT COONEY |
| East Lansing, MI 48826-1083 | Attorneys for Defendant |
| (517) 347-7700 | 325 E. Grand River Ave, Ste 250 |
| mikeobriant@yahoo.com | East Lansing, MI 48823 |
| | (517) 324-5612 |

_____/

## DEFENDANT CITY OF LANSING AND OFFICER BRIAN RENDON'S ANSWER TO COMPLAINT, RELIANCE UPON JURY DEMAND AND AFFIRMATIVE DEFENSES

        Defendants, City of Lansing and Officer Brian Rendon, by and through their attorneys, PLUNKETT COONEY, state as follows in answer to Plaintiff's Complaint:

        As to the Overview and Statement of the Case, the City and Officer Rendon assert that it does not conform to pleading requirements and that no response is required.  To the extent a response is required, these Defendants deny in the form and manner stated and affirmatively deny the violation of any of the decedent's constitutional rights for the reason the same is untrue.  In further

response, the decedent displayed and threatened to use deadly force against Officer Rendon, which constitutionally and legally justified his use of deadly force. Further, Defendant Rendon denies that he was involved in any other cross racial shootings for the reason the same are untrue.

**ALLEGATION**

    1.    This court has jurisdiction over this action pursuant to 28 U.S.C. 1331 (federal question) and 28 U.S.C. 1343 (civil rights). This court also has jurisdiction pursuant to 28 U.S.C. 1367 to hear state claims that will be set forth in this Complaint. Venue is proper in the Western District of Michigan as this is the district where the shooting occurred in accordance with 29 U.S.C. 1391(b).

**ANSWER:**

    1.    As to Paragraph 1, Defendants admit.

**ALLEGATION**

    2.    Plaintiff Mary Rush as the Personal Representative of her daughter, Derrinesha Clay's estate out of the Ingham County Probate Court and at all relevant times, the decedent, the subject of this suit, was a resident of Lansing, in the County of Ingham, State of Michigan.

**ANSWER:**

    2.    As to Paragraph 2, Defendants neither admit nor deny, lacking sufficient information and Plaintiff is left to her proofs.

**ALLEGATION**

3. At all relevant times to this litigation, the Defendant City of Lansing was a municipal corporation duly organized and carrying on governmental functions in the State of Michigan.

**ANSWER:**

3. As to Paragraph 3, Defendant City admits and affirmatively asserts that it is entitled to all of the powers, privileges and immunities accorded to home rule cities under the Constitution and laws of the United States and the State of Michigan.

**ALLEGATION**

4. At all relevant times to this litigation, the Defendant OFFICER BRIAN RENDON was an employee or agents of the Defendant City of Lansing Police Department and was acting under color of state law and were acting in the course and scope of his employment with the Defendant City of Lansing.

**ANSWER:**

4. As to Paragraph 4, Defendant Rendon admits.

**ALLEGATION**

5. The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000).

**ANSWER:**

      5.    As to Paragraph 5, Defendants deny in the form and manner stated. In further response, Defendants admit that the allegations assert federal question jurisdiction and thus jurisdiction is not contested.

**ALLEGATION**

      6.    The Defendants are not entitled to qualified immunity.

**ANSWER:**

      6.    As to Paragraph 6, Defendant Rendon denies for the reason the same is untrue.

## COUNT I
## VIOLATION OF CIVIL RIGHT PURSUANT TO 42 U.S.C. 1983

**ALLEGATION**

      7.    The Plaintiff repeats and re-alleges paragraphs 1 through 6 of her Complaint as though fully set forth herein.

**ANSWER:**

      7.    As to Paragraph 7, Defendants hereby incorporate their answers to Paragraphs 1 through 6 as though fully set forth herein.

**ALLEGATION**

      8.    Rendon purposely and intentionally fired his weapon knowing that such use of force was unreasonable and unnecessary under the particular circumstances.

**ANSWER:**

8. As to Paragraph 8, Defendant Rendon denies for the reason the same is untrue.

**ALLEGATION**

9. Such actions and especially those resulting in death, constitute a violation under color of law of Plaintiff's fundamental substantive due process right under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:**

9. As to Paragraph 9, Defendant Rendon denies for the reason the same is untrue.

**ALLEGATION**

10. The Defendants owed Plaintiff a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive and/or deadly force and to be treated equally and without regard to color.

**ANSWER:**

10. As to Paragraph 10, Defendants City and Rendon deny, in the form and manner stated, for the reason the same are untrue. In further response, Defendant Rendon denies the use of unreasonable excessive force based on the totality of the circumstances for the reason the same is untrue.

**ALLEGATION**

11. The Defendants violated Plaintiff's right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution and to be free from deliberate indifference to all of said rights by unjustifiably shooting and killing the decedent while she was on her knees.

**ANSWER:**

11. As to Paragraph 11, Defendant City and Rendon deny for the reason the same is untrue.

**ALLEGATION**

12. The Defendant City of Lansing had knowledge and notice of Officer Rendon's propensity for using deadly force against minorities by way of his previous on duty deadly cross-racial shootings.

**ANSWER:**

12. As to Paragraph 12, Defendant City denies for the reason the same is untrue.

**ALLEGATION**

13. As a direct and proximate result of each Defendants' acts and/or omissions, the decedent was killed.

**ANSWER:**

13. As to Paragraph 13, Defendants deny for the reason the same is untrue.

6

WHEREFORE, Defendants City of Lansing and Officer Brian Rendon respectfully request a judgment of no cause of action, together with costs and attorneys fees so wrongfully incurred.

### COUNT II
### GROSS NEGLIGENCE

**ALLEGATION**

14. The Plaintiff repeats and realleges paragraphs 1 through 13 of his Complaint as though fully set forth herein.

**ANSWER:**

14. As to Paragraph 14, Defendants hereby incorporate their answers to Paragraphs 1 through 13 as though fully set forth herein.

**ALLEGATION**

15. Rendon, while acting in his individual capacity as an employee of the City of Lansing, was grossly negligent, reckless and without regard to the decedent's life used unjustifiable deadly force upon the decedent during the encounter. In so doing, Rendon acted with conduct so reckless as to demonstrate a substantial lack of concern not only to the decedent but also to his fellow officers.

**ANSWER:**

15. As to Paragraph 15, Defendant Rendon denies for the reason the same is untrue.

**ALLEGATION**

16. Rendon had a duty to use reasonable care, to follow all of the laws of Michigan, to treat all suspects equally and without regard to race, and to

follow all policies of the Lansing City Police Department when utilizing deadly force and not to endanger his fellow officers.

**ANSWER:**

16. As to Paragraph 16, Defendant Rendon denies, in the form and manner stated for the reason the same is untrue. In further response, Defendant Rendon utilized deadly force in response to decedent's threats and attempts to use deadly force against Officer Rendon.

**ALLEGATION**

17. As an officer of the City of Lansing, Rendon had a duty to use care and skill in handling his firearm and following federal laws, state laws and all policies of the Lansing Police Department and to use his weapon in such a way that would not endanger not only the decedent's life but also those of his fellow officers.

**ANSWER:**

17. As to Paragraph 17, Defendant Rendon denies in the form and manner stated, for the reason the same is untrue. In further response, Defendant Rendon denies the violation of any of decedent's rights for the reason the same is untrue.

**ALLEGATION**

18. Rendon, acting in his individual capacity, breached those duties described above when he with gross negligence, reckless and without regard to the decedent's life used unjustifiable deadly force during the encounter - shooting the decedent while she was on her knees.

8

**ANSWER:**

18. As to Paragraph 18, Defendant Rendon denies for the reason the same is untrue.

**ALLEGATION**

19. At all times described above, Rendon was acting as an agent of the City of Lansing and was engaged in work therefore was acting in the line of duty as a Lansing Police Officer.

**ANSWER:**

19. As to Paragraph 19, Defendants City and Rendon admit.

**ALLEGATION**

20. Rendon's negligence proximately caused the decedent's death and proximately caused all those damages so associated with the decedent's wrongful death.

**ANSWER:**

20. As to Paragraph 20, Defendant Rendon denies for the reason the same is untrue.

WHEREFORE, Defendants respectfully request a judgment of no cause of action, together with costs and attorneys fees so wrongfully incurred.

## COUNT III
## BATTERY

**ALLEGATION**

21. The Plaintiff repeats and realleges paragraphs 20 through of her Complaint as though fully set forth herein.

**ANSWER:**

21. As to Paragraph 21, Defendants hereby incorporate their answers to Paragraphs 1 through 20 as though fully set forth herein.

**ALLEGATION**

22. Rendon while acting in his capacity as an employee of the City of Lansing, with gross negligence committed an assault upon the decedent by unlawfully shooting the decedent.

**ANSWER:**

22. As to Paragraph 22, Defendants deny for the reason the same is untrue.

**ALLEGATION**

23. The grossly negligent assault committed by Rendon„was committed in bad faith, beyond his authority and under mistaken interpretation of the law.

**ANSWER:**

23. As to Paragraph 23, Defendants deny for the reason the same is untrue.

**ALLEGATION**

24. The grossly negligent assault and battery committed by Rendon cause decedent's death as described herein.

**ANSWER:**

24. As to Paragraph 24, Defendant Rendon denies for the reason the same is untrue.

**ALLEGATION**

25. The Defendant City of Lansing had known of Rendon's propensity to use deadly force in by way of Rendon's other cross-racial shooting deaths.

**ANSWER:**

25. As to Paragraph 25, Defendant City of Lansing denies for the reason the same is untrue.

**ALLEGATION**

26. The Defendant City of Lansing had known of Rendon's propensity for racial violence by way of other shootings and assaults upon minorities.

**ANSWER:**

26. As to Paragraph 26, Defendant City of Lansing denies for the reason the same is untrue.

**ALLEGATION**

25.(sic) The Defendant City of Lansing is vicariously liable for the grossly negligent and racial violent conduct of Rendon.

**ANSWER:**

      25.(sic)    As to Paragraph 25(sic), Defendant City denies for the reason the same is untrue.

      WHEREFORE, Defendants respectfully requests a judgment of no cause of action, together with costs and attorneys fees so wrongfully incurred.

      Respectfully submitted,

      PLUNKETT COONEY

Dated: October 12, 2011      By: /S/ David K. Otis
      PLUNKETT COONEY
      Attorney for Defendants
      325 E. Grand River Ste 250
      East Lansing, MI 48823
      (517) 324-5612
      dotis@plunkettcooney.com
      (P31627)

## RELIANCE UPON JURY DEMAND

      Defendants City of Lansing and Brian Rendon, by and through their attorneys, PLUNKETT COONEY, and hereby relies upon Plaintiff's demand for trial by jury in the above matter.

      Respectfully submitted,
      PLUNKETT COONEY

Dated: October 12, 2011      By: /S/ David K. Otis
      PLUNKETT COONEY
      Attorney for Defendants
      325 E. Grand River Ste 250
      East Lansing, MI 48823
      (517) 324-5612
      dotis@plunkettcooney.com
      (P31627)

## **AFFIRMATIVE DEFENSES**

Defendants City of Lansing and Brian Rendon, by and through their attorneys, PLUNKETT COONEY, state as follows for its affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. The City of Lansing is not vicariously liable for the alleged actions of its police officer defendant.

3. The City of Lansing had constitutionally adequate training and supervision of its police officers.

4. The City of Lansing had constitutionally adequate policies and procedures for its police officers.

5. The City of Lansing had constitutionally adequate procedures for discipline of its police officers.

6. The City of Lansing did not act or fail to act in a manner which was the moving force behind the alleged violation of Plaintiff's constitutional rights.

7. The City of Lansing is entitled to governmental immunity under MCL 691.1407(1) as to any state law claims in Plaintiff's Complaint for the reason that the operation of a police department constitutes a governmental function.

8. Defendant Rendon is entitled to good faith, qualified immunity for Plaintiff's claims of violation of decedent's constitutional rights.

9. Defendant Rendon is entitled to governmental immunity under MCL 691.1407(2) and (3) for Plaintiff's state law claims.

10. Defendants City of Lansing and Brian Rendon reserve the right to bring further affirmative defenses during the course of discovery.

Respectfully submitted,

PLUNKETT COONEY

Dated: October 12, 2011         By: /S/  David K. Otis
                                PLUNKETT COONEY
                                Attorney for Defendants
                                325 E. Grand River Ste 250
                                East Lansing, MI 48823
                                (517) 324-5612
                                dotis@plunkettcooney.com
                                (P31627)

## SIGNATURE AND SERVICE CERTIFICATION

I, David K. Otis, undersigned attorney for Defendants, certify that, on October 12, 2011, I electronically filed Defendants' Answer to Complaint, Appearance, Affirmative Defenses and Reliance Upon Jury Demand with the Clerk of the Court using the ECF system which will send notification of such file to Michael O'Briant, attorney for Plaintiff.

Respectfully submitted,

PLUNKETT COONEY

Dated: October 12, 2011         By: /S/  David K. Otis
                                David K. Otis (P31627)
                                Attorney for Defendants
                                325 E. Grand River Ste 250
                                East Lansing, MI 48823
                                (517) 324-5612

Open.18566.12260.11263734-1